IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GERALD L. BRUMLEY                                                                                    PLAINTIFF

v.                                              Case No. 6:06-cv-6032

GARLAND COUNTY and                                                                              DEFENDANTS
LARRY WILLIAMS, Individually

## ORDER

BEFORE the Court is Plaintiff's Motion to Compel Discovery. (Docket # 27). The Court has reviewed the Motion to Compel Discovery, Memorandum in Support, and Defendants' Response to Motion to Compel (Docket # 48) and finds as follows:

**1. Background**:

Plaintiff filed suit in this matter seeking compensation for damages to property owned by Plaintiff to a road located within Garland County. The Plaintiff asserts the road is a private road which Defendant Garland County had no right to maintain. The County apparently graded and cleaned the ditches along the property at issue. Defendants claim the roadway is a public road maintained by the County for many years. The Defendants also assert that a complaint was made to the County regarding poor water drainage along the roadway. The Plaintiff contends there was no drainage problem with the roadway.

Plaintiff propounded interrogatories and requests for production of documents to Defendant Garland County on or about January 29, 2007. According to the Plaintiff, Defendant Garland County timely answered or objected to the interrogatories. The Plaintiff asserts "Defendant County

of Garland put forth Mr. Robert Blocker as the proper respondent to answer the discovery at issue here." (Docket # 28 p. 1). The Defendants states their answers were properly verified by separate Defendant Larry Williams, County Judge for Garland County, Arkansas. (Docket #48 p. 2).[1]

Plaintiff now requests that the Court (1) order the Defendants to "provide a signed and sworn response by Mr. Robert Blocker, to Plaintiffs First Set of Interrogatories and First Requests for production of Documents and Things to Defendant County of Garland; and (2) order Mr. Blocker provide a responsive answer to Interrogatory No. 8 . . ." The Defendants respond that Robert Blocker is not a party to this suit. Further, Defendants state that Mr. Blocker is an employee of Defendant Garland County who supplied information used in answering the interrogatories. Finally, the Defendants assert they have provided verified answers to the interrogatories at issue which have been developed by separate Defendant Larry Williams, "relying on information supplied to him by his employees."

**2. Discussion**:

**A. Verification of Interrogatory Answers**: Federal Rule of Civil Procedure 33 governs the use of written interrogatories in civil cases. Rule 33 provides in relevant part:

> (a) . . . , any party may serve upon any other party written interrogatories, . . ., ***to be answered by the party served*** or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. . . .
>
> (b)(2) The ***answers are to be signed by the person making them***, and the objections signed by the attorney making them.

F<small>ED</small> R. C<small>IV</small>. P. 33 (emphasis added).

---

[1] Neither party submitted the Interrogatories or Interrogatory Answers at issue to the Court for review. The Court therefore assumes, except for the issues discussed in this order, that the Interrogatories were propounded and answered or objected to in accordance with F<small>ED</small>. R. C<small>IV</small>. P. 33.

Plaintiff demands that a person, not a party to this litigation, namely Mr. Robert Blocker, provide verified answers to the propounded interrogatories. Rule 33(a) does not provide for or require such verification. Here Defendant answered the interrogatories propounded by Plaintiff. Defendant Williams, one of the parties, and an official of Defendant Garland County, verified the answers as required by Rule 33(b)(2). Defendant Williams is the elected County Judge for Defendant Garland County. As such he is entitled, as an "officer or agent," to verify answers on behalf of Defendant Garland County pursuant to Rule 33(a).

Defendant has fully complied with FED R. CIV. P. 33(b)(2). The Plaintiff does not have the right to dictate the specific person who will provide verified answers to interrogatories. Plaintiff's Motion to Compel Mr. Robert Blocker, a person who is not a party to this lawsuit, to provide verification of Defendant's answers to interrogatories has no merit and should be denied.

**B. Objection to Interrogatory No. 8**: Plaintiff also seeks an order compelling "Mr. Blocker [to] provide a responsive answer to Interrogatory # 8. . ." That interrogatory requests the identity of "each person alleged to have knowledge of such neighbor complaint [alleged drainage problem along the roadway]." According to Plaintiff's Memorandum in Support of Motion to Compel, Defendant responded to the interrogatory as follows: "Irrelevant - this road work would have been performed without a complaint prior to sealing the road." The Defendants respond they have advised the Plaintiff, in previous interrogatories and in Defendant Williams' deposition, that the information sought in Interrogatory No. 8 is not known to the Defendants.[2] Defendants state that because the identity of the party making the complaint about the roadway is not known to the

---

[2]Again because neither party provided either Defendant's answers to interrogatories or other information, the Court assumes this statement to be accurate.

Defendants, they "object to being required to create or fabricate this type information." (Docket #48 p. 3).

As in the previously discussion the Plaintiff cannot dictate that a nonparty provide answers to interrogatories.   Plaintiff's motion to specifically compel Mr. Blocker to provide a responsive answer to Interrogatory No. 8 has no merit.

The Court does agree with Plaintiff that the information sought in Interrogatory No. 8 is relevant[3] to the Plaintiff's claim there was no water drainage problem with the roadway in question. In their Response to the Motion to Compel Defendants assert they have no information or knowledge concerning the person allegedly making the complaint regarding the drainage problem, and further state they have made this lack of knowledge or information known to the Plaintiff in other discovery responses.  While the Court agrees with Plaintiff that the information sought is relevant for discovery purposes, the Plaintiff cannot force the Defendants to create information which does not exist. Accordingly Plaintiff's Motion to Compel an answer to Interrogatory No. 8 should be denied.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Compel Discovery (Docket # 27) is in all respects **DENIED**.

**DATED** this **19th day of April, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Even if the information sought in Interrogatory No. 8 is not admissible at trial, it is certainly well within the scope of information allowed to be discovered by the Federal Rules of Civil Procedure, namely any information "reasonably calculated to lead to the discovery of admissible evidence."   FED. R. CIV. P 26(b)(1).