IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GERALD L. BRUMLEY                                        PLAINTIFF

v.                          CASE NO. 06-6032

COUNTY OF GARLAND, and
LARRY WILLIAMS, individually                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On June 26, 2006, Plaintiff filed his *pro se* Complaint against Defendants, Garland County and Larry Williams, seeking money damages and injunctive relief.  Williams is sued in his individual capacity.  Plaintiff alleges his constitutional rights were violated when the Garland County Road Department made improvements to the roadway known as Wagon Wheel Drive, damaging Plaintiff's frontage.  On March 15, 2007, Defendants filed a Motion for Summary Judgment (Doc. 24).

Plaintiff brings this action under 42 U.S.C. § 1983, contending his civil rights were violated when Defendants damaged his property frontage.  Defendants contend that Plaintiff's property was not damaged nor his rights violated, and that all work on Wagon Wheel Drive was conducted within the forty (40) foot easement established for the road. Defendants allege that Wagon Wheel Drive has been maintained by the County since 1986 and is part of the County Road System.

**Background.**

On or about June 21, 1975, a plat was filed to reflect

easements granted by Harold Burroughs for the use by land owners in his development known as "Wagon Wheel" estates. The Defendants believe that Mr. Burroughs initially developed several roadways in the sub-division of Wagon Wheel Estates and the road known as Wagon Wheel Drive, which intersects with a county road known as North Moore Road.

On October 10, 1986, Garland County assumed control over the roadway in question and expended public funds to reseal 3,200 feet of it. On October 10, 1991, Garland County again expended public funds to maintain the road, and sealed 2,590 feet of the roadway. On July 29, 2004, Defendants contend that County workers "clipped the shoulders" of Wagon Wheel Drive in order to prepare the roadway for purposes of resealing. Defendants contend that all work done on Wagon Wheel Drive was performed within the forty (40) foot easement established by Mr. Burroughs in 1975.

On August 1, 2004, Defendants contend the County Road Department received a phone call from an unknown resident complaining that the ditch was stopped up and water was flowing over the road onto an adjoining property, and in response, the County "cleaned out the ditch." On August 2, 2004, Plaintiff contacted the County Road Department and complained about the work, and in response the Road Department returned to Plaintiff's property and distributed "a layer of

2

fine material" to smooth out the work on the ditch.  On August 5, 2004, the County expended public funds to reseal about 3,168 feet of roadway.  Plaintiff contends there was no ditch, and that Defendants illegally removed soil from his property.

**Standard of Review.**

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden of proof is on the moving party to set forth the basis of its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The Court must view all facts and inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986).  "The non-moving party, however, must still 'present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor.'"  *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-4 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)).

Summary judgment is appropriate where a plaintiff fails to present evidence sufficient to create a jury question as to an essential element of his claim.  *Turner v. Honeywell Fed. Manuf. & Tech.*, 336 F.3d 716, (8th Cir. 2003).

**Analysis.**

3

Plaintiff contends that his civil rights were violated when his property was damaged by the road work performed by Garland County. A civil rights action under § 1983 lies when a defendant acting under color of state law violates rights secured by the United States Constitution or federal laws. 42 U.S.C. § 1983. Municipalities and other bodies of local government may be sued directly under § 1983 if a government body is alleged to have caused constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *St. Louis v. Praprotnik*, 485 U.S. 112 (1988). The first inquiry in a case alleging municipal liability under § 1983 is whether there is a direct causal link between municipal policy or custom and the alleged constitutional deprivation. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

Plaintiff has not demonstrated that Garland County has a policy, practice, or custom of taking property or damaging property of individual citizens. In his Response to Defendants' motion for summary judgment, Plaintiff contends that the Defendants have admitted a custom of absorbing properties into the Garland County Road System. Plaintiff claims he was damaged when soil was removed from his frontage, and that the excavations resulted in increased water flow across his frontage. Plaintiff does not contend the resealing

4

of Wagon Wheel Road damaged him.  Plaintiff does not contend any work was performed outside the forty (40) foot easement, but rather that Wagon Wheel Road is a private road and that all County road work done there was illegal.  Plaintiff's complaints stem from the work performed in August 2004, and makes no mention of any prior work.  Defendants contend that if Wagon Wheel Drive is a private road, then a taking has occurred and the statute of limitations ran on that claim three years after the 1986 improvements and the resealing was performed by Garland County.  Under Arkansas law, the statute of limitations is three (3) years for a § 1983 violation. *Morton v. Little Rock*, 934 F.2d 180 (8th Cir. 1991).

Plaintiff has not demonstrated a custom or policy for damaging the private property of Garland County citizens.  Any theory of municipal liability must be carefully controlled at three critical points: (1) identifying the specific policy or custom, (2) fairly attributing the policy and the fault for its creation to the municipality, and (3) finding the necessary affirmative link between identified policy or custom and the specific violation.  *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987), *cert denied*, 484 U.S. 1027 (1988).  The burden is on the plaintiff to demonstrate the essential policy or custom.  *See Bd. Of County Comm'rs of Bryan County, Okl. V. Brown*, 520 U.S. 397, 403 (1997); *Kinman v. Omaha Pub. Sch.*

*Dist.*, 94 F.3d 463, 467 (8th Cir. 1996).

Plaintiff has not articulated what constitutional rights were violated in order to expose Defendants to § 1983 liability. Even if the County were not entitled to summary judgment on the basis of plaintiff's failure to identify a policy or custom, summary judgment would be warranted because of the existence of an adequate post-deprivation remedy. Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a procedural due process violation if the state provides an adequate post-depravation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 529-37 (1984). In this case, Plaintiff has not shown that Arkansas' mechanisms for compensating takings and injunctive relief are inadequate.

Federal courts are barred from considering the merits of a taking claim until a private litigant exhausts state remedies, but if the state's remedies are inadequate or unavailable, exhaustion is not required. *Williamson County Regional Planning Comm. v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). This exception to *Williamson County* is narrow, and the Eighth Circuit Court of Appeals has not found "a case in which . . . a state's inverse condemnation procedures [are] inadequate." *Collier v. City of Springdale*, 733 F.2d 1311 (8th Cir. 1984).

Based on the foregoing, Defendants' Motion for Summary Judgment should be granted.  Plaintiff also alleged several state tort violations in his Complaint, but because the Court is granting summary judgment in favor of Defendants the Court should not exercise supplemental jurisdiction over the State law claims.  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

**Conclusion.**

Accordingly, the Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED this 25th day of April, 2007.

 */s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge

7